**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CATHERINE MCALLISTER,         )<br>                                              )<br>            Plaintiff,                      )<br>                                              )<br>vs.                                         )<br>                                              )<br>INDYMAC FEDERAL BANK, F.S.B., )<br>                                              )<br>            Defendant.                  )<br>_____)  | No. 09-CV-1075-PHX-GMS<br><br>**TEMPORARY RESTRAINING ORDER** |

Pending before the Court is the Emergency Application for Temporary Restraining Order ("TRO") of Plaintiff Catherine McAllister. (Dkt. # 4.) In her Petition, Plaintiff requests that this Court temporarily enjoin a trustee's sale of property located at 4241 W. Monte Cristo Ave., Phoenix, Arizona 85053. The trustee's sale is scheduled for 12:00 P.M., May 22, 2009. In support of her Application for a TRO, Plaintiff filed a verified complaint to which Plaintiff has attached both the Notice of Trustee's Sale and the Qualified Written Request she sent to Defendant Indymac Federal Bank pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* (Dkt. # 1.) Plaintiff additionally has filed the certification of her attorney that notice of the Complaint and Application were given to Defendant. (Dkt. # 4 Pt. 2.) On May 21, 2009, the Court conducted a hearing on the matter. (*See* Dkt. # 7.) Although Defendant did not appear, Plaintiff's counsel verified to the Court that timely notice was given Defendant of the scheduled hearing.

1 Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary 2 injunction or TRO upon a proper showing. The standard for issuing a TRO is the same as 3 that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye* 4 *Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To prevail on a request for a 5 preliminary injunction, a plaintiff must show either "(a) probable success on the merits 6 combined with the possibility of irreparable injury or (b) that [it] has raised serious questions 7 going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt* 8 *v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has explained 9 that "these two alternatives represent 'extremes of a single continuum,' rather than two 10 separate tests. Thus, the greater the relative hardship to the moving party, the less probability 11 of success must be shown." *Immigrant Assistant Project of Los Angeles County Fed'n of* 12 *Labor (AFLCIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

13 Here, after review of the Verified Complaint and supporting documentation, the 14 Court finds that Plaintiff has raised serious questions going to the merits of her Complaint 15 and that the balance of hardships tips sharply in her favor. Plaintiff has provided verified 16 statements and evidence supporting the allegations that Defendant has violated its statutory 17 obligations under RESPA, specifically 28 U.S.C. § 2605. While the Court recognizes the 18 inconvenience imposed on Defendant in issuing this TRO, should this Court refuse to grant 19 the TRO, Plaintiff would face potentially irreparable injury by the imminent sale of her 20 primary residence.

21 **IT IS THEREFORE ORDERED** that Plaintiff's Application for Temporary 22 Restraining Order (Dkt. # 4) is **GRANTED**.

23 **IT IS FURTHER ORDERED** that Defendant and its appointed Trustee are enjoined 24 for a period of **ten (10) days** from the date and time of the issuance of this Order from 25 conducting or pursuing in any way a trustee's sale of Plaintiff's property located at 4241 W. 26 Monte Cristo Avenue, Phoenix, Arizona 85053.

27
28

1    **IT IS FURTHER ORDERED** that this Order is binding on Defendant; Defendant's officers, agents, servants, employees, and attorneys; and any person acting in concert or participation with anyone previously described and having actual notice hereof.

**IT IS FURTHER ORDERED** that no bond is required of Plaintiff for this TRO Order.

DATED this 21st day of May, 2009, 4:15 P.M.

_____
G. Murray Snow
United States District Judge